UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANET S. KOBER,<br><br>              Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br>              Defendant. | CASE NO. 3:17-cv-5843 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 9, 10.

After considering and reviewing the record, the Court concludes that the ALJ erred in evaluating plaintiff's credibility because he did not give specific, clear and convincing reasons for rejecting plaintiff's credibility. The ALJ's reasons for rejecting plaintiff's credibility relied on his assessment that plaintiff's daily activities were in excess of her claimed limitations. This

was in error because the ALJ did not evaluate whether plaintiff's daily activities met the threshold for transferrable work skills, nor specify how her past reports to others conflicted with her testimony. This credibility determination was not harmless error because a more favorable credibility determination may have added additional limitations to plaintiff's residual functional capacity and resulted in a different disability determination.

Accordingly, this Court orders that this matter be remanded in accordance with sentence four of 42 USC §405(g).

## BACKGROUND

Plaintiff, JANET KOBER, was born in 1964 and was 48 years old on the alleged date of disability onset of February 4, 2013. *See* AR. 171-74. Plaintiff graduated from high school and has had some vocational training. AR. 42. Plaintiff has some work experience as a cashier but was terminated due to attendance issues. AR. 43, 266-67.

According to the ALJ, plaintiff has at least the severe medically determinable impairments of "degenerative disc disease of the lumbar spine; migraine headaches; obesity; and chronic pain syndrome (20 CFR 404.1520(c))." AR. 23.

At the time of the hearing, plaintiff was living with her husband.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act were denied initially and following reconsideration. *See* AR. 61-71, 74-85. Plaintiff's requested hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on May 13, 2016. *See* AR. 37-60. On June 23, 2016, the ALJ issued a written

decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 18-36.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in determining plaintiff's severe impairments; (2) Did the Commissioner err in determining plaintiff's RFC; (3) Did the Commissioner err in evaluating plaintiff's credibility; and (4) Did the Commissioner err in evaluating the opinion evidence. *See* Dkt. 9, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Because the Court finds that the third issue is dispositive, the Court will first address that issue, before the others.

**I.    Whether the Commissioner erred in evaluating plaintiff's credibility.**

Plaintiff alleges the ALJ erred in evaluating plaintiff's credibility. The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen* v. Chater, 80 F.3d 1273, 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also*

*Reddick, supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). The Court notes that this standard was reaffirmed by the Ninth Circuit:

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

*Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In his decision, the ALJ stated "there is evidence in the record that greatly undermines the reliability of [plaintiff's] testimony" and "[plaintiff] demonstrates a level of physical functioning in her personal life in gross excess of her claimed physical limitations." AR. 28. As examples, he stated that plaintiff "tolerates the physical demands of watching her six-month-old grandchild [and] enjoys walks, camping, and spending time with her family and friends. She has minimal difficulties performing activities of daily living like cooking, light household chores, and shopping." *Id.*

In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick,*

*supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted).

The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603).

*A. Whether plaintiff's statements contradict other testimony.*

Regarding her previous statements about her daily activities, there is only one mention in the record that plaintiff "has been watching her six-month-old grandson daily." AR. 613. There is one mention of camping, which appears to be in the context of plaintiff's general enjoyment of the activity. AR. 341. The record does not specify how often nor to what degree plaintiff engages in these activities. The examples of watching a grandchild and camping are vague and not necessarily inconsistent with a disability finding. The ALJ did not inquire about these activities during plaintiff's hearing. A single mention of an activity without any development as to the extent and intensity of that activity amounts to speculation and does not rise to the clear and convincing evidence standard the Ninth Circuit requires. *Smolen, supra*, 80 F.3d at 1284 (citations omitted); *Sample v. Schweiker* 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)); *see* SSR 86-8, 1986 SSR LEXIS 15 at *22.

According to the Ninth Circuit, "we may not take a general finding-an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors-and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *see also Brown-Hunter v. Colvin,* 806 F.3d 487, 494 (9th Cir. 2015) ("Because the

ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination, [which] was legal error") (citing *Burrell*, 775 F.3d at 1139).

The ALJ also discounted plaintiff's credibility because plaintiff "made inconsistent statements regarding the severity of her anxiety symptoms." AR. 28. His sole example was that plaintiff stated that she "experienced anxiety attacks and had difficulties being around people while working at Walmart… [but] during her consultative psychological examination, she did not report any… difficulties being around people while working at Walmart." *Id.* This is contrary to the record. The consultative psychological exam contains a full paragraph of plaintiff's alleged anxiety which begins: "Janet reported worrying frequently. She reported experiencing panic attacks in the past. She recalled having a "major attack" at work when a customer was confrontational." AR. 341. The ALJ states "this inconsistency suggests that the claimant's mental health symptoms are not as severe as alleged and weakens the weight that can be accorded her reported symptoms." AR. 28.

The ALJ's assessment of plaintiff's credibility in this regard is problematic because he was plainly erroneous in his statement that plaintiff did not report anxiety symptoms to the consultative psychological examiner. Moreover, the Administration recently clarified that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P, 2016 WL 111-9029, 2016 SSR LEXIS 4 at *1 (effective March 16, 2016). The ruling indicates that when evaluating a claimant's symptoms, ALJs "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id.* at 27. As noted in the Ruling, adjudicators "must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the

individual's impairments . . . . [as] [the] focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." *Id*. As stated by the Ninth Circuit, in reliance on the Supreme Court, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted).

   *B. Whether plaintiff's activities of daily living meet the threshold for transferrable work skills.*

Regarding how plaintiff's alleged daily activities translate into transferable work skills, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities… does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ failed to evaluate whether plaintiff's daily activities met the "threshold for transferrable work skills," which was legal error. *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603).

   *C. Whether the ALJ's credibility analysis is harmless error.*

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "several of our cases have held that an ALJ's error was harmless

where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted). Here, the ALJ did not provide a valid reason for an adverse credibility determination because his reasons were not supported by clear and convincing evidence in the record.

The Ninth Circuit states that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Plaintiff based her disability claim on both mental and physical impairments. The ALJ determined that the mental impairments of depression and anxiety were not severe, but plaintiff's chronic pain, lumbar spine impairment, migraine headaches, and obesity were severe impairments. AR. 23. Plaintiff's testimony as to the limiting effects of her pain and need for frequent breaks, as well as her testimony that some days she is unable to perform any of her daily activities due to her mental impairment, if given greater credibility, may have impacted the limitations the ALJ included in his RFC and lead to a different disability determination. AR. 23, 44, 48-49.

At the hearing, the ALJ suggested an alternative hypothetical to the vocational expert which included the additional limitation of being able to perform work-related tasks for only eighty percent of the workday. AR. 59. The vocational expert opined that "that degree of

1 | reduction in performance or productivity would not be tolerated by most employers." *Id.*
Plaintiff's attorney also suggested the additional limitation of having only occasional interaction with the general public. AR. 59. The vocational expert opined that this additional limitation would rule out plaintiff's past relevant work at step four of the sequential analysis. *Id.;* see 20 C.F.R. § 404.1520(f). Therefore, the ALJ's adverse credibility determination is not harmless error because including the limitation of having only occasional contact with the general public could allow plaintiff to meet her burden of proof at step four, and including her need for frequent breaks could have resulted in a favorable decision for plaintiff at step five. *See* 20 C.F.R. § 404.1520(f); 20 C.F.R. § 404.1560(c)(2). Therefore, the ALJ's adverse credibility determination is not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

Therefore, the ALJ did not offer "specific, clear and convincing reasons" for rejecting plaintiff's credibility. *Smolen* v. Chater, 80 F.3d 1273, 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). This Court concludes that remand is necessary for further evaluation of plaintiff's credibility.

**II.     Whether the Commissioner erred in determining plaintiff's severe impairments.**

Plaintiff alleges that the ALJ erred in failing to determine that plaintiff's mental impairments of depression and anxiety are severe impairments. A more favorable credibility determination regarding plaintiff's reported mental limitations may impact the ALJ's determination as to whether plaintiff's impairments of depression and anxiety are severe.

Plaintiff also alleges that the ALJ failed to assess plaintiff's medically determinable impairments of cervicalgia and fibromyalgia. Because this court finds the issue of credibility to

be dispositive, and because a different credibility determination may impact the ALJ's evaluation of severe impairments, it would be moot to analyze whether it was harmless error to omit cervicalgia and fibromyalgia from the ALJ's severity analysis. Thus, the severity of all plaintiff's impairments should be assessed anew following remand of this matter.

**III. Whether the Commissioner erred in determining plaintiff's RFC.**

Plaintiff alleges the ALJ erred in determining plaintiff's residual functional capacity. Because this Court concludes that a more favorable credibility determination may have led to a different RFC determination, upon remand, the ALJ should give further consideration to plaintiff's RFC.

**IV. Whether the Commissioner erred in evaluating the opinion evidence.**

Plaintiff alleges the ALJ erred in evaluating opinion evidence, including the treating physician's medical opinion. Further consideration of the above issues may impact the ALJ's assessment of opinion evidence, which should be reassessed upon remand of this matter.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 6th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge